# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.                                                                        **Case No. 02-CR-266**

**MARK TOLLIVER,**
        **Defendant.**

## DECISION AND ORDER

Defendant Mark Tolliver filed a letter-request for early termination of his supervised release. The government responded in opposition, and defendant replied. I now deny the request.

Under 18 U.S.C. § 3583(e)(1), the district court may grant early termination if (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the pertinent factors under 18 U.S.C. § 3553(a) and the defendant's conduct. See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998); see also United States v. Lowe, 632 F.3d 996, 998-99 (7th Cir. 2011). The first and third criteria are satisfied in this case, but I cannot conclude that termination would be in the interest of justice.

The district court possesses wide discretion in making this determination, see United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006), but courts have generally held that the conduct of the defendant sufficient to warrant early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have generally granted early termination only in cases involving new or unforeseen circumstances, or where the

defendant's behavior has been exceptionally good.  See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); Folks v. United States, 733 F. Supp. 2d 649, 651-52 (M.D.N.C. 2010); Medina, 17 F. Supp. 2d at 246-47.  As the party seeking the benefit of early termination, the defendant bears the burden of demonstrating that such action is warranted.  See United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citing United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)).

In his letters, defendant indicates that he has been employed, participated in counseling, and complied with all of his conditions.  Although his compliance is commendable, it is also what the court expects.  Defendant points to nothing exceptional in his situation, no new or unforeseen circumstances, nor any impediment to or interference with his rehabilitation caused by continued supervision.  Further, given defendant's prior record and treatment needs, continued supervision is warranted under 18 U.S.C. § 3553(a)(1) and (2)(B), (C), & (D).

**THEREFORE, IT IS ORDERED** that defendant's request for early termination (R. 73) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge